## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FRANKIE PIERCE, et al.,            )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )        Civil Action No. 14-00073-KD-N
                                   )
PARKER TOWING COMPANY, INC.,       )
et al.,                            )
                                   )
        Defendants.                )

## REPORT AND RECOMMENDATION

This case was filed in the Circuit Court of Choctaw County, Alabama on January 17, 2014, and removed to this Court by Defendant Parker Towing Company, Inc., on February 19, 2014. (*See generally* Doc. 1.) On March 14, 2014, Plaintiffs timely moved to remand (*see* Doc. 8), *see* 28 U.S.C. § 1447(c), and their motion has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Parker has filed an opposition to the motion (*see* Doc. 12), and Plaintiffs have filed a reply in support of remand (*see* Doc. 15).

Parker's removal presents what appears to be an issue of first impression in this Circuit—whether the current version of 28 U.S.C. § 1441(b), amended in December 2011, allows removal of *in personam* maritime claims solely on the basis of this Court's original admiralty and maritime jurisdiction, *see* 28 U.S.C. § 1333. The undersigned finds that, in this case, it does not. Although § 1441(b) now clearly applies only to diversity cases, § 1333(1) remains an Act of Congress that limits the

Court's removal jurisdiction by "saving to suitors" common law remedies; *if* removal of *in personam* maritime claims results in the loss of those remedies, removal jurisdiction is lacking. Thus, after consideration of the pleadings, and for the reasons explained herein, it is **RECOMMENDED** that the motion to remand (Doc. 8) be **GRANTED** and this case be **REMANDED** to the Circuit Court of Choctaw County, from whence it came.

## I.    Applicable Background

Citizens of Alabama and Mississippi, the owners of real property facing on the Tombigbee River, in Choctaw County, Alabama, filed this lawsuit in state court. Plaintiffs allege that a crew employed by, and operating a tugboat owned by, Parker—a corporate citizen of Alabama—"lost control of the tugboat and the barges it was pushing, and allowed the tugboat and the barges to stray from the designated channel for navigation[,]" which resulted in "the barges slamm[ing] into the bank of the [river] with great force and violence, causing severe damage to the real property of each Plaintiff facing on the Tombigbee River." (Doc. 1-1, ¶¶ 20-24.) Plaintiffs' complaint asserts causes of action for negligence; wantonness; trespass; and private nuisance, and demands a trial by jury as to all issues.

## II.    Analysis

### A.    Although any civil action filed in state court that could have been filed here originally may be removed, all doubts as to removal militate in favor of remand.

The Court's analysis begins where it must, with the burden a removing defendant shoulders: while "[a]ny civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in

federal court[,]" *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000),[1] "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court[,]" *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411.[2]

At issue here is the Court's jurisdiction over certain maritime claims, which jurisdiction is concurrent with "the courts of the States[.]" 28 U.S.C. § 1333. Thus, there can be no doubt that, in this context, the Court's "removal jurisdiction raises significant federalism concerns[.]" *Tapscott*, 77 F.3d at 1356; *see also Coronel v. AK Victory*, --- F. Supp. 2d ----, 2014 WL 820270, at *8 (W.D. Wash. Feb. 28, 2014) ("Emphasizing the joint role that state and federal governments played in developing and administering maritime law, the majority [in *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959)] found that unfettered removal of maritime claims would vitiate the principles of federalism underlying the saving to suitors clause." (citing *id.* at 372-75 ("By making maritime cases

[1]    *Accord City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

[2]    *Cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction." (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996))); *White v. Wells Fargo Home Mortgage*, Civil Action No. 1:11–cv–408–MHT, 2011 WL 3666613, at *3 (M.D. Ala. Aug. 22, 2011) (a federal court is "obligat[ed] to narrowly construe removal statutes"; this obligation necessarily "requires that uncertainties be 'resolved in favor of remand'" (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))).

removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.")).

**B.** **This Court has original, albeit concurrent, jurisdiction over Plaintiffs' undeniably maritime claims, which—as is their right—Plaintiffs chose to file in state court.**

There is no dispute that Plaintiffs' claims are maritime in nature. As such, this Court has original subject matter jurisdiction over them pursuant to 28 U.S.C. § 1333(1), which provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." *See also* 46 U.S.C. § 30101 ("The admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land[, and such a civil action] may be brought in rem or in personam . . . ."). But the issue now before the Court is not its subject matter jurisdiction, but rather, its removal jurisdiction[3]; specifically,

---

[3]        Subject matter jurisdiction and removal jurisdiction, of course, "are not one and the same." *Codgell v. Wyeth*, 366 F.3d 1245, 1247 (11th Cir. 2004). In *Codgell*, the Eleventh Circuit "confirmed that 'the bases of subject matter jurisdiction in the United States district courts are defined in 28 U.S.C. §§ 1330–1369.'" *Courtney v. BLP Mobile Paint Mfg. Co., Inc.*, Civil Action No. 12–0318–WS–C, 2012 WL 5869120, at *3 (S.D. Ala. Nov. 19, 2012) (quoting *Codgell*, 366 F.3d at 1248).

Notably, the [Eleventh Circuit] did not identify Section 1441 as a basis of subject matter jurisdiction. The [Eleventh Circuit] acknowledged that removal jurisdiction "can be considered a 'species' of subject matter jurisdiction," but "a lack of removal jurisdiction [will] coincide with a lack of

whether this case was properly removed pursuant to the current version of the removal statute or should be remanded pursuant to the "saving to suitors" clause (also referred to as the "saving clause").[4]

While the undersigned will discuss Parker's argument that removal is proper in light of a relatively recent change to § 1441 in depth below, proper framing of the parties' dispute requires additional discussion of the saving clause upfront. That clause, "a feature of the congressional grant of original admiralty jurisdiction to the federal district courts in 28 U.S.C. § 1333[,]" "preserves a plaintiff's right to a common law remedy, not[, necessarily,] to a nonfederal forum." *Perio v. Titan Maritime, LLC*, Civil Action No. H–13–1754, 2013 WL 5563711, at *12 (S.D. Tex. Oct. 8, 2013) (citing *The Moses Taylor*, 71 U.S. (4 Wall.) 411, 431 (1867); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (quoting

---

subject-matter jurisdiction" "[o]nly" when[, unlike in *Courtney* and also here,] "the case is not one over which the court has original jurisdiction."

*Id.*; *see also Wilson v. Suzuki of Orange Park, Inc.*, No. 305CV469J32TEM, 2005 WL 3372839, at *5 (M.D. Fla. Dec. 12, 2005) ("[A] court's subject matter jurisdiction defines the nature of the case and the type of relief sought [as well as] the extent to which a court can rule on the conduct of persons or the status of things, whereas removal jurisdiction encompasses those cases which a defendant has removed to the proper federal court from state court and over which the federal court could have had original jurisdiction to entertain the lawsuit. A key distinction between subject matter jurisdiction and removal jurisdiction is that defects in subject matter jurisdiction are not waivable whereas a defect in removal jurisdiction may be waivable, ***unless*** it is the Court's original jurisdiction to entertain the suit that is at issue." (citing *Codgell*, 366 F.3d at 1248-49) (internal quotation marks omitted and emphasis added)).

[4] To be absolutely clear, with Alabama plaintiffs facing off against an Alabama defendant, complete diversity is lacking, and the forum defendant rule prevents removal pursuant to diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(b). Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, is also not at play because, as further discussed herein, admiralty and maritime claims do not "arise under" the constitution, laws, or treatise of the United States for purposes of § 1331.

*Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. Unit A June 1981)[5])).

Importantly, however, the saving clause—"[c]ontained as it is, in a jurisdictional statute"—"is jurisdictional in nature" and preserves the historical "concurrent jurisdiction of the state and federal courts regarding maritime claims where the common law [is] competent to provide a remedy," such as with Plaintiffs' claims, **but** the clause "afford[s] exclusive jurisdiction to federal courts where the common law [is] not so competent." *Id.* at *12-13[6]; *compare Romero*, 358 U.S. at 363 ("[C]ommon-law remedies were, under the saving clause, enforceable in the courts of the States and on the common-law side of the lower federal courts when the diverse citizenship of the parties permitted."[7]) *and Madruga v. Superior Court*, 346 U.S. 556, 560-61 (1954) ("[T]he jurisdictional act does leave state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation."), *with Madruga*, 346 U.S. at 560 ("Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by

---

[5]    All decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[6]    The Supreme Court's pronouncement in *The Moses Taylor* that "[i]t is not a remedy in the common-law courts which is saved, but a common-law remedy[,]" 71 U.S. (4 Wall.) at 431, has been interpreted to distinguish "between remedies available at common law, which were preserved under the clause, and remedies only available by statute, which are not." *Perio*, 2013 WL 5563711, at *14.

[7]    The *Romero* Court, further, "reaffirmed that, under the first Judiciary Act of 1789, admiralty jurisdiction was 'exercised according to the historic precedent in admiralty, by a judge without a jury.'" *Coronel*, 2014 WL 820270, at *3 (quoting 358 U.S. at 363).

name or description in order to enforce a lien." (citations omitted)).

As was their right, because their claims are against a corporate person, not a vessel, Plaintiffs "brought this action in state court as a civil *in personam* action[,]" and although they "did not denominate it as such, this case 'commenced in state court as a case arising under the "saving to suitors clause" . . . .'" *Leonard v. Kern*, 651 F. Supp. 263, 264 (S.D. Fla. 1986) (quoting *Poirrier*, 648 F.2d at 1064) (footnote omitted). As provided above, it was, of course, Plaintiffs' prerogative where to file, and thus how to pursue, their *in personam* maritime claims (*e.g.,* whether to elect trial by jury). *See, e.g., Manrique v. Fagan*, No. 08–60501–CIV, 2009 WL 700999, at *2 (S.D. Fla. Mar. 16, 2009) ("Under the 'saving to suitors' clause, a plaintiff may choose its preferred forum to bring an *in personam* maritime claim, in either state court or as a civil action in federal court under that court's original federal admiralty jurisdiction. Because of the 'saving to suitors' clause, these courts share concurrent jurisdiction over these maritime matters. A plaintiff's choice is important[, however,] because it will affect various procedural aspects and remedies available to the parties, especially the right to a jury trial." (internal citations and footnote omitted))[8]; *Vincent v. Regions Bank*, No. 8:08-cv-1756-T-23EAJ, 2008 WL 5235114, at *1 (M.D. Fla. Dec. 15, 2008) ("Pursuant to 28 U.S.C. § 1333(1), a federal district court enjoys 'original jurisdiction, exclusive of the courts of the States, of . . .

---

[8]     Indisputably, as noted above, "a broad range of undefined common-law remedies[,]" including, but limited to, trial by jury, are what the clause saves. *Perio*, 2013 WL 5563711, at *13 (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) (rejecting "arguments to limit and enumerate the saved remedies under the saving to suitors clause . . . in view of the consistent recognition by Congress and this Court that both state and federal courts may be proper forums for adjudicating [maritime] claims")).

[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.'  Under the 'saving to suitors' clause, a plaintiff 'with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail [himself] of federal admiralty jurisdiction or sue at law in state court.'  [And t]he plaintiff's election to sue at common law in state court[, some courts have held,] 'forever prevents the federal district courts from obtaining **admiralty** jurisdiction.'" (quoting *J. Aron & Co. v. Chown*, 894 F. Supp. 697, 699 (S.D.N.Y. 1995)) (emphasis added)).

**C.**    **Under settled case law prior to the most recent amendment of § 1441, *in personam* maritime claims, like Plaintiffs', were clearly not properly removed absent a separate basis for federal jurisdiction.**

The law is clear that, under 28 U.S.C. § 1441 as it existed prior to January 6, 2012, removal of an *in personam* maritime action—such as Plaintiffs'—required a "separate basis for jurisdiction." *Freeman v. Phillips 66 Co.*, Civil Action Nos. 14–311, 14–624, 2014 WL 1379786, at *3 (E.D. La. Apr. 8, 2014); *compare id.* ("It is undisputed that prior to 2012, general maritime claims were not removable on the basis of admiralty jurisdiction and could be removed only if a separate basis for jurisdiction existed, such as diversity." (citing *In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991)))[9], *with Butler v. RLB Contracting, Inc.*, Civil Action No. 3:14–CV–112,

---

        [9]     *Accord Leonard*, 651 F. Supp. at 264 (at least under the prior version of § 1441, "[i]n order to remove a case brought in state court under the [saving clause] some jurisdictional basis, other than admiralty or general federal question jurisdiction under 28 U.S.C. § 1331, [was required]" (citing *Romero*, 358 U.S. 354; *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961)) (footnote omitted)); *Armstrong v.*

2014 WL 1653078, at *1 (S.D. Tex. Apr. 24, 2014) ("Prior to . . . January 2012, the proposition that maritime claims were not removable was universally accepted. That certainty is gone; in its place is a hotly contested issue in maritime law."

---

*Alabama Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982) ("[U]nder the reasoning of *Romero*, a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: the maritime nature simply does not provide a ground for federal jurisdiction."); *Vincent*, 2008 WL 5235114, at *1 ("[D]espite the broad language in § 1441(a), a defendant may not remove a case based upon general maritime or admiralty jurisdiction alone. To allow removal of [a saving to suitors clause case] would . . . defeat the purpose of the clause." (citations and internal quotation marks omitted; alteration in original)); *Barry v. Shell Oil Co.*, Civil Action No. 13–6133, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014) (prior to the 2011 amendments to § 1441, "[t]he Fifth Circuit has stated that maritime cases which are brought in state court 'are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship'" (quoting *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (citing *Romero*, 358 U.S. at 377-79; *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)))); *see also Poirrier*, 648 F.2d at 1065-66 ("This circuit has already recognized the removability, on diversity grounds, of maritime actions brought in state courts under the aegis of the "saving to suitors" clause[, which] . . . does no more than preserve the right of maritime suitors to pursue nonmaritime remedies. It does not guarantee them a nonfederal forum, or limit the right of defendants to remove such actions to federal court *where there exists some basis for federal jurisdiction other than admiralty*." (citations omitted and emphasis added)).

Notably, one decision the former Fifth Circuit cited in support of its pronouncement in *Poirrier* is *J. J. Ryan & Sons, Inc. v. Continental Ins. Co.*, 369 F. Supp. 692, 695 (D.S.C. 1974), in which "Plaintiffs chose to bring the suit as a civil action in the state court under the [saving clause,] Defendant effectively [sought] to negate plaintiffs' choice through the device of removal[,]" and the court rebuffed Defendant's attempt to "emasculate" the saving clause:

> The court finds that removal is improper and that the case should be remanded to the state court. To allow removal, pursuant to 28 U.S.C. § 1441(b), of a civil action in the state court to the admiralty side of the federal district court would effectively emasculate the 'saving to suitors' clause of 28 U.S.C. § 1333(1) which was enacted specifically to give the choice of forum to a plaintiff who has a claim that could be processed either in a state civil action or in a federal admiralty action.

*Id.*

9

(citations omitted)).[10]

**D.**  **Parker's argument as to why Plaintiffs' claims now fall under this Court's removal jurisdiction turns on Fifth Circuit cases interpreting the former and amended versions of § 1441(b).**

Parker's argument for the removability of this case is based primarily on *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013) and other recent decisions by district courts in the Fifth Circuit following "the course set by *Ryan*."[11] *Freeman*, 2014 WL 1379786, at *4.

As to general maritime claims, *Ryan*'s analysis turns primarily on amended § 1441(b)'s apparent abrogation of *In re Dutile*, 935 F.2d 61 (5th Cir. 1991), a case no court in this Circuit has ever cited, at least in a reported decision. There, the *in rem* claims at issue did

> constitute a "civil action . . . of which the district courts . . . have original jurisdiction" by virtue of § 1333(1). Section 1441(a), [substantively unchanged by the FCJVCA,[12]] however, is prefaced by the phrase, "Except as expressly provided by Act of Congress. . . ." One of these express provisions [was] found in § 1441(b). The first sentence of that subsection [then] provide[d] that removal of actions "founded on a claim or right arising under the Constitution, treaties or laws of the

---

[10]   As will be further discussed below, § 1441 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 105, Pub. L. No. 112-63, 125 Stat. 758 (the "FCJVCA"). Although signed into law in December 2011, the changes took effect on January 6, 2012.

[11]   *See generally Garza v. Phillips 66 Co.*, Civil Action No. 13–742–SDD–SCR, 2014 WL 1330547 (M.D. La. Apr. 1, 2014); *Harrold v. Liberty Ins. Underwriters, Inc.*, Civil Action No. 13–762–JJB–SCR, 2014 WL 688984 (M.D. La. Feb. 20, 2014); *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, No. 13–477, 2013 WL 6092803 (M.D. La. Nov. 19, 2013); *Wells v. Abe's Boat Rentals Inc.*, No. 13–1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

[12]   *See Perio*, 2013 WL 5563711, at *11 (After amendment "in December of 2011[, t]he operative language of subsection (a) as it pertains to the removability of claims within the original jurisdiction of the district courts is unchanged." (citation omitted)).

United States" may proceed without regard to the citizenship of the parties. Emphatically, claims in admiralty, whether designated *in rem* or *in personam*, do not fall within this category.

935 F.2d at 63-64 (citing *Romero*, 358 U.S. at 378 (It is "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction.")). The panel in *Dutile* thus concluded "admiralty and general maritime claims fall within the category of '[a]ny other [civil] action' governed by the second sentence of § 1441(b). As such, they are 'removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.'" *Id.* at 64.

This conclusion, that admiralty claims are only removable if "there is complete diversity of citizenship (predicated upon out-of-state defendants)[,]" as the panel noted, was "not new to [Fifth Circuit] jurisprudence[,]" and the cases the court in *Dutile* cited are indeed also binding on this Court. *Id.* (citing *Poirrier*, 648 F.2d at 1065 (in turn citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961) (discussing *Romero*))). *Poirrier* and *Gaitor*, on which *Poirrier* relied, however, merely recognized *Romero*'s holding that "saving to suitor" cases are removable only if diversity exists.[13] *See Gaitor*, 287 F.2d at 255 (*Romero* "made

<hr>

[13]     *Dutile* itself affirmed this, moreover, in its conclusion. After acknowledging that its "construction of § 1441 creates somewhat of an anomaly—certain *in rem* admiralty claims, of which the federal district courts have exclusive jurisdiction, may not be removed from state court[,]" the court recognized the "anomaly" was the created

from the most basic of federal jurisdictional rules: as regards the inferior federal courts, "two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it*." As we construe the plain language of § 1441(b), **read in conjunction with _Romero_**, Congress simply has not supplied the district courts with removal

11

clear that except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts."). This binding precedent, thus, has nothing to do with the so-called "*Dutile* rule"—that pursuant to the prior version of § 1441(b), admiralty and general maritime claims fell into the category of "any other" civil action and, thus, were not removable by a forum defendant.

Some district courts in the Fifth Circuit have now abandoned the *Dutile* rule in light of the most recent amendment to the removal statute. As explained by one recent Fifth Circuit district court opinion,

> [t]he Fifth Circuit's holding in *Dutile* was grounded in the text of 28 U.S.C. § 1441(b), as it read prior to the [FCJVCA]:
>
>> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> 28 U.S.C. § 1441(b) (2006). Because maritime claims are not "founded on a claim or right arising under the Constitution, treaties or laws of the United States," the *Dutile* court reasoned that such claims were subject to the in-state-defendant bar to removal found in section 1441(b), as it was worded at the time. Thus, admiralty and maritime claims could be removed to federal court "only by non-forum defendants and only where there [wa]s complete diversity of citizenship." *Dutile*, 935 F.2d at 63[.[14]] ***After the FCJVCA***

---

jurisdiction of admiralty claims absent diversity. We have no power to create such jurisdiction where Congress has not acted.

*Id.* at 63 (quoting *The Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252 (1868)) (initial emphasis provided by *Dutile* and underlined emphasis added).

[14]     *Contra Coronel*, 2014 WL 820270, at *3 ("Although, read strictly, the second sentence of the previous version of § 1441(b) imposes only the forum defendant rule, the Fifth Circuit extrapolated from this sentence that maritime claims could not be removed

*amendments*, section 1441(b) now reads:

> (b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (2013).

The FCJVCA amendments removed the language from section 1441(b) upon which the *Dutile* opinion hinged. On this basis, the removing defendants argue that the amendment renders the *Dutile* rule obsolete.

*Freeman*, 2014 WL 1379786, at *4 (original footnotes omitted and emphasis added).

**E.    Despite the amendment to § 1441(b), without a separate basis for federal jurisdiction, *in personam* maritime law claims remain excluded from this Court's removal jurisdiction. Such exclusion is necessary to preserve a plaintiff's right to pursue nonmaritime, common law remedies, like the right to a jury trial.**

True, the amendment to § 1441(b)

> disposed of certain language from the former version . . . that the Fifth Circuit had historically relied on to limit the removal of maritime claims. The current version of the statute no longer makes a distinction between claims "arising under the Constitution, treaties or laws of the United States" and "other such action[s]." Instead, § 1441(b) now explicitly pertains only to removals based on diversity jurisdiction.

*Barry v. Shell Oil Co.*, Civil Action No. 13–6133, 2014 WL 775662, at *2 (E.D. La. Feb. 25, 2014); *see also Ryan*, 945 F. Supp. 2d at 777 ("[T]he old version of section 1441(b) was relied upon as the 'Act of Congress' that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met;

---

absent diversity jurisdiction under 28 U.S.C. § 1332." Nevertheless, "[o]ther courts[, including the Ninth, but not the Eleventh, Circuit,] followed suit." (citing *Dutile*, 935 F.2d at 63; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001))).

and[, since] admiralty cases do not arise under the Constitution, treaties or laws of the United States, [ ] admiralty cases were considered 'any other such actions' under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought.").

While this change to the removal statute may have erased language the Fifth Circuit—but neither the Eleventh Circuit nor a district court in this Circuit has ever—interpreted as imposing an additional limitation on the removal of *in personam* maritime claims, § 1441(b) as amended does not alter the balance built into the original Congressional grant of admiralty and maritime jurisdiction to this Court. Pursuant to that balance, where the common law is competent to provide a remedy, as with *in personam* maritime claims filed in state court, a plaintiff may elect to pursue his common law remedies in a common law forum, as opposed to pursuing his claims in admiralty in a federal forum.[15] *See Wilson v. Suzuki of*

---

[15] There are naturally advantages to pursuing a claim in admiralty as opposed to at law. "[B]ecause the Supreme Court has consistently distinguished between the concepts of rights and remedies[,]" "the same substantive maritime law applies regardless of whether a maritime cause of action is brought in admiralty or at law" *Coronel*, 2014 WL 820270, at *5 (citations omitted). *But* "[a]dmiralty law 'includes a host of special rights, duties, rules, and procedures,' some of which are unique to suits in admiralty and some of which are applicable to suits at law." *Id.* (quoting *Lewis*, 531 U.S. at 446). "When a claim falls within federal subject matter jurisdiction both on admiralty jurisdiction and on some other ground, a party must designate the claim as an admiralty claim[, pursuant to Rule 9(h),] in order for the different procedural rules to apply." *Id.* at *6 (citation omitted); *see also Southeastern Marine, LLC v. Motor Yacht OCEAN CLUB*, No. 3:09-cv-693-J-25TEM, 2010 WL 2540701, at *1 (M.D. Fla. June 21, 2010) ("By designating a claim under Rule 9(h), the plaintiff is afforded certain procedural rights such as vessel-arrest, garnishment, attachment, bond, and other equitable remedies, but forfeits the right for either party to demand a jury trial without separate statutory authority." (citing *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181 (11th Cir. 2009); *Miles v. M/V Hansa Caledonia*, 245 F. Supp. 2d 1261 (S.D. Ga. 2002))).

*Orange Park, Inc.*, No. 305CV469J32TEM, 2005 WL 3372839, at *4 (M.D. Fla. Dec. 12, 2005) ("[A] party may file an *in personam* admiralty complaint in state court where the plaintiff can then preserve common law remedies . . . ." (citations omitted)).

Here, for example, Plaintiffs' state court complaint asserts four common law claims and requests the common law remedy of trial by jury. Had Plaintiffs filed the same claims in this Court, pursuant to the only basis available to them, admiralty jurisdiction pursuant to § 1333, the remedy of trial by jury would not be available. *See, e.g., Wilson*, 2005 WL 3372839, at *4 ("[I]f heard on the Court's admiralty side, a trial by jury would not be available." (citing *In re Graham*, 747 F.2d 1383, 1387 (11th Cir. 1984))); *Southeastern Marine, LLC v. Motor Yacht OCEAN CLUB*, No. 3:09-cv-693-J-25TEM, 2010 WL 2540701, at *1 (M.D. Fla. June 21, 2010) ("[A]s a general matter, there is no protected right to a jury trial in an admiralty dispute." (citing *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."); FED. R. CIV. P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."))); *Barry*, 2014 WL 775662, at *3 ("As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court."); *Coronel*, 2014 WL 820270, at *6 ("The Seventh Amendment does not extend to cases falling within the admiralty jurisdiction; therefore, in the absence of a statute providing otherwise, a district court whose subject matter

jurisdiction is premised solely upon admiralty decides the case without a jury."

(citing *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 17 (1963); FED. R. CIV. P. 38(e);

*Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054–55 (9th Cir.

1997))).[16]

Similarly, removal of Plaintiffs' claims to this Court ***solely*** pursuant to

admiralty jurisdiction deprives Plaintiffs of their common law remedy of trial by

jury. In response, to preserve their nonmaritime, common law remedies, a

maritime suitor should file—like Plaintiffs here have done—a timely motion

invoking the saving clause as a basis to remand. *See, e.g., Manrique*, 2009 WL

700999, at *2 ("[A] problem develops when a defendant removes a case based solely

on federal admiralty jurisdiction . . . . Ordinarily, if this happens, a plaintiff will

invoke the 'saving to suitors' clause and remand the case back to state court. If a

plaintiff fails to remand, however, the case will be deemed to have moved to the

federal court's "admiralty side," thus removing plaintiff's right to a jury trial. Thus,

the 'saving to suitors' clause specifically functions to prevent this occurrence by

---

[16] Parker argues that removal does "not foreclose" Plaintiffs' "right to a jury trial." (*See* Doc. 12 at 5-6.) But the sole case Parker cites in support, *Fitzgerald*, a "hybrid-case," in which Jones Act claims were also present, does not support a right to trial by jury where the ***only*** claims before the Court are *in personam* maritime claims commenced in state court as arising under the saving clause and now before the federal court in admiralty. As explained by Judge Edenfield, "*Fitzgerald*'s holding is [ ] properly limited to *in personam* admiralty claims combined with a Jones Act claim or a similar, jury-right granting, statutory claim." *Miles v. M/V Hansa Caledonia*, 245 F. Supp. 2d 1261, 1267 (S.D. Ga. 2002) (citing 374 U.S. at 21 (expressly noting that "Congress in the Jones Act has ***declared*** that the negligence part of the claim shall be tried to a jury. . . .") (emphasis supplied by *Miles*)); *see also id.* ("Jones Act claims[, also at issue in *Fitzgerald*, but not here,] pack specific remedies/protection that many other common and State-law claims do not. This underscores the exceptional treatment [that] *Fitzgerald* granted, and further distinguishes it from "plain vanilla" common law claims such as that raised here." (citation omitted)).

permitting a plaintiff to remand the case when the sole basis of removal is admiralty jurisdiction." (internal citations omitted)); *Coronel*, 2014 WL 820270, at *10 ("Of course, this court could have exercised original jurisdiction over Plaintiff's claims in admiralty had they been so filed. The argument can be made that therefore Plaintiff's claims are now removable to the admiralty side of the court. However, such a result would vitiate the saving to suitors clause, which saves to plaintiffs the ability to proceed on their claims at law, instead of in admiralty." (citations omitted)).

In other cases, however, where a separate basis for federal jurisdiction—such as diversity—exists, a plaintiff who chooses to file his *in personam* maritime claims in state court does not lose his common law remedy of trial by jury upon removal. *See, e.g., Manrique*, 2009 WL 700999, at *2 (noting that removal pursuant to § 1332 (or § 1331) "will place the maritime case in the federal court's 'law side,' thus preserving a plaintiff's right to demand jury trials (secured by first filing the action in state court)" (citing *Lewis*, 531 U.S. 438)); *Barry*, 2014 WL 775662, at *3 ("When actions are removed pursuant to federal question jurisdiction and/or federal diversity jurisdiction, the maritime plaintiff retains the right to demand a jury trial in federal district court.").[17]  And remand may not be appropriate.

---

[17]    Even the court in *Ryan* at least implicitly recognized this aspect of saving clause removal:

> Traditionally, general maritime claims saved to suitors have not been removable.  This was not, however, because the saving to suitors clause prohibited removal, as it "does no more than preserve the right of maritime suitors to pursue nonmaritime **remedies**.  It does not guarantee them a nonfederal **forum**, or limit the right of defendants to remove such actions to

True, courts have found that a plaintiff who fails to timely contest removal of *in personam* maritime claims where a separate basis for federal jurisdiction is lacking, by filing a properly grounded motion to remand, can waive his common law remedies. *See, e.g., Wilson*, 2005 WL 3372839, at *4-5 (presenting "the question of whether an admiralty case improperly removed to federal court must be remanded where plaintiff filed a motion to remand, but failed to raise what would have been a valid 'saving to suitors' argument as grounds for remand[,]" and answering no; because the Court had "original jurisdiction to hear th[e] suit because plaintiff's claims sound in admiralty and could have been filed here originally"; thus, the removal defect was waivable and the court could "only remand for procedural grounds timely raised in a motion to remand"). But that is not the case here. A timely motion to remand, invoking the saving clause as its basis, has been filed. *See Coronel*, 2014 WL 820270, at *10 (citation omitted) ("It is true that a few courts have found that a failure to object to removal of maritime claims waives the right to remand and effectively converts a plaintiff's claims at law into claims at admiralty. That situation, however, is not currently before the court; Plaintiff has timely objected to the removal of his claims. Due to Plaintiff's stated desire to invoke the protections of the saving to suitors clause, and in light of *Romero* and its progeny's emphasis on the significance of the clause, the court finds that removal to the

federal court **where there exists some basis for federal jurisdiction other than admiralty**."

945 F. Supp. 2d at 774 (quoting *Tennessee Gas Pipeline*, 87 F.3d at 153 (citing *Poirrier*, 648 F.2d at 1066)) (initial emphasis in original; underlined emphasis added).

court's admiralty jurisdiction is not appropriate.")

And just as one district court in the Fifth Circuit, post amendment to § 1441(b), has recently held, a timely motion to remand a case commenced in state court pursuant to the saving clause should be granted **to preserve the nonmaritime remedy** of a jury trial. *See Barry*, 2014 WL 775662, at *3 ("[S]ince the removal of Plaintiff's claim solely on the basis of admiralty jurisdiction would deprive him of the right to pursue his nonmaritime remedy of a jury trial, the saving to suitors clause under these circumstances prohibits the removal of this action." (citations omitted)). In this case, too, remand is the only result that preserves Plaintiffs' common law remedy of trial by jury under existing law. *Cf. Perio*, 2013 WL 5563711, at *14 (noting that although "*Romero* did not have to reach the issue of whether the saving clause itself barred removal of maritime claims against non-diverse defendants, it identified the goal of the clause as preservation of the concurrent jurisdiction of state and federal courts over admiralty matters as it existed prior to the Judiciary Act of 1789"; thus, "it would not be unreasonable to conclude that the congressional grant of jurisdiction in § 1333 contains a prohibition of removal through the saving to suitors clause").

Thus, remand honors the balance struck in the original Congressional grant of admiralty and maritime jurisdiction to this Court. Were the Court to hold otherwise, by adopting Parker's argument that amended § 1441(b) removes all barriers to removal of *in personam* maritime claims lacking a separate basis for federal jurisdiction, not only would Plaintiffs be deprived of their forum of choice,

but importantly, they would be deprived of their right to pursue nonmaritime remedies, a right the saving clause "protects." *See, e.g., Southeastern Marine*, 2010 WL 2540701, at *1 ("[T]he savings to suitors clause of 28 U.S.C. § 1333 ***protects*** 'the right of a common law remedy where the common law is competent to give it.'" (quoting *Lewis*, 531 U.S. at 443) (emphasis added)). To place this conclusion in the context of *Dutile*, "the saving to suitors clause, found in § 1333, is an Act of Congress that prohibits the removal of the general maritime claims in this case, pursuant to § 1441(a)." *Barry*, 2014 WL 775662, at *3.

## III. Conclusion

For the reasons explained herein, it is **RECOMMENDED** that the motion to remand (Doc. 8) be **GRANTED** and this case be **REMANDED** to the Circuit Court of Choctaw County, from whence it came.

## IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific.

**DONE** this the 14th day of May, 2014.

_/s/ Katherine P. Nelson_
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**