# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANKIE PIERCE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 14-00073-KD-N |
| ) | |
| PARKER TOWING COMPANY, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case was filed in the Circuit Court of Choctaw County, Alabama, on January 17, 2014, and removed to this Court by Defendant Parker Towing Company, Inc. ("Parker"), on February 19, 2014. (*See generally* Doc. 1.) On March 14, 2014, Plaintiffs timely moved to remand. *See* (Doc. 8); 28 U.S.C. § 1447(c). United States Magistrate Judge Katherine Nelson has entered a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (Doc. 23), which would remand the case. Parker has filed an objection (Doc. 24) and Plaintiffs have filed a response (Doc. 26). The Court adopts the recommendation of Judge Nelson with amendment as follows:

Parker's removal presents what appears to be an issue of first impression in this Circuit—whether the current version of 28 U.S.C. § 1441(b), amended in December 2011, allows removal of *in personam* maritime claims solely on the basis of this Court's original admiralty and maritime jurisdiction, *see* 28 U.S.C. § 1333. The undersigned finds that, in this case, it does not.

## I. Applicable Background

Citizens of Alabama and Mississippi, the owners of real property facing on the Tombigbee River, in Choctaw County, Alabama, filed this lawsuit in state court. Plaintiffs allege that a crew employed by, and operating a tugboat owned by, Parker—a corporate citizen of Alabama—"lost control of the tugboat and the barges it was pushing, and allowed the tugboat and the barges to stray from the designated channel for navigation[,]" which resulted in "the barges slamm[ing] into the bank of the [river] with great force and violence, causing severe damage to the real property of each Plaintiff facing on the Tombigbee River." (Doc. 1-1, ¶¶ 20-24.) Plaintiffs' complaint asserts causes of action for negligence; wantonness; trespass; and private nuisance, and demands a trial by jury as to all issues.

## II. Analysis

### A. All doubts as to removal militate in favor of remand.

The Court's analysis begins where it must, with the burden of removing on defendant shoulders: while "[a]ny civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court[,]" *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000),[1] "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed,

---

[1] *Accord City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

all doubts about jurisdiction should be resolved in favor of remand to state court[,]" *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411.[2]

At issue here is the Court's jurisdiction over certain maritime claims, which jurisdiction is concurrent with "the courts of the States[.]" 28 U.S.C. § 1333. Thus, there can be no doubt that, in this context, the Court's "removal jurisdiction raises significant federalism concerns[.]" *Tapscott*, 77 F.3d at 1356; *see also Coronel v. AK Victory*, --- F. Supp. 2d ----, 2014 WL 820270, at *8 (W.D. Wash. Feb. 28, 2014) ("Emphasizing the joint role that state and federal governments played in developing and administering maritime law, the majority [in *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959), *superseded by statute on other grounds*, 45 U.S.C. § 59,] found that unfettered removal of maritime claims would vitiate the principles of federalism underlying the saving to suitors clause." (citing *Romero*, 358 U.S. at 372-75 ("By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve."))).

---

[2] *Cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction." (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996))); *White v. Wells Fargo Home Mortgage*, Civil Action No. 1:11–cv–408–MHT, 2011 WL 3666613, at *3 (M.D. Ala. Aug. 22, 2011) (a federal court is "obligat[ed] to narrowly construe removal statutes"; this obligation necessarily "requires that uncertainties be 'resolved in favor of remand'" (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))).

### B. This Court has original, albeit concurrent, jurisdiction over admiralty claims.

There is no dispute that Plaintiffs' claims are maritime in nature. As such, this Court would have, if Plaintiffs chose to file these claims under this Court's admiralty jurisdiction, original subject matter jurisdiction. 28 U.S.C. § 1333(1) provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." *See also* 46 U.S.C. § 30101 ("The admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land[, and such a civil action] may be brought in rem or in personam . . . .").

The issue now before the Court is whether this case was properly removed under this Court's admiralty jurisdiction.[3] While the undersigned will discuss Parker's argument that removal is proper in light of a relatively recent change to § 1441, proper framing of the parties' dispute requires additional discussion of the "saving to suitors" clause upfront.

The "saving to suitors" clause is "a feature of the congressional grant of original

---

[3] To be absolutely clear, with Alabama plaintiffs facing off against an Alabama defendant, complete diversity is lacking. *See* 28 U.S.C. §§ 1332, 1441(b). Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, is also not at play because, as further discussed herein, admiralty and maritime claims do not "arise under" the constitution, laws, or treaties of the United States for purposes of § 1331.

admiralty jurisdiction to the federal district courts in 28 U.S.C. § 1333[,]" "preserves a plaintiff's right to a common law remedy, not[, necessarily,] to a nonfederal forum." *Perio v. Titan Maritime, LLC*, Civil Action No. H–13–1754, 2013 WL 5563711, at *12 (S.D. Tex. Oct. 8, 2013) (citing *The Moses Taylor*, 71 U.S. (4 Wall.) 411, 431 (1867); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (quoting *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. Unit A June 1981)[4])). The saving clause—"[c]ontained as it is, in a jurisdictional statute"—"is jurisdictional in nature" and preserves the historical "concurrent jurisdiction of the state and federal courts regarding maritime claims where the common law [is] competent to provide a remedy," such as with Plaintiffs' claims, **but** the clause "afford[s] exclusive jurisdiction to federal courts where the common law [is] not so competent." *Perio*, 2013 WL 5563711, at *12-13.[5] *See also Madruga v. Superior Court*, 346 U.S. 556, 560 (1954) ("Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to

---

[4] All decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). *See also Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1522 n.3 (11th Cir. 1993) ("Fifth Circuit decisions rendered by Unit A of that court **after** September 30, 1981, are not binding upon this court…" (citing *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)) (emphasis added)).

[5] The Supreme Court's pronouncement in *The Moses Taylor* that "[i]t is not a remedy in the common-law courts which is saved, but a common-law remedy[,]" 71 U.S. (4 Wall.) at 431, has been interpreted to distinguish "between remedies available at common law, which were preserved under the clause, and remedies only available by statute, which are not." *Perio*, 2013 WL 5563711, at *14.

enforce a lien." (citations omitted)).

Therefore, it has been made clear that common-law remedies are, "under the saving clause, enforceable in the courts of the States and on the common-law side of the lower federal courts when the diverse citizenship of the parties permitted." *Romero*, 358 U.S. at 363.[6] It is because of this Court's ability to entertain maritime suits invoking common law remedies pursuant to its diversity jurisdiction, that the plaintiffs are not guaranteed a non-federal forum.

As explained by the Eleventh Circuit, "under the reasoning of *Romero*, a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: **the maritime nature simply does not provide a ground for federal jurisdiction**." *Armstrong v. Ala. Power Co.,* 667 F.2d 1385, 1388 (11th Cir. 1982) (emphasis added); *see also Poirrier*, 648 F.2d at 1066 (The saving to suitors clause does not "limit the right of defendants to remove [suits seeking non-maritime remedies] to federal court where there exists some basis for federal jurisdiction other than admiralty.") In other words, this Court does not have original jurisdiction, based solely on its §1333 admiralty jurisdiction, over general maritime claims requesting common law remedies. In sum, the "saving to suitors clause allows a plaintiff to bring suit as an *in personam* claim in state court or as a diversity claim in federal court, rather than suing 'in admiralty' in federal court." *Baughan v. Royal Caribbean Cruises, Ltd.*

---

[6] The *Romero* Court, further, "reaffirmed that, under the first Judiciary Act of 1789, admiralty jurisdiction was 'exercised according to the historic precedent in admiralty, by a judge without a jury.'" *Coronel*, 2014 WL 820270, at *3 (quoting 358 U.S. at 363).

944 F. Supp. 2d 1216, 1218 (S.D. Fla. 2013).

As was their right, Plaintiffs "brought this action in state court as a civil *in personam* action[,]" and although they "did not denominate it as such, this case 'commenced in state court as a case arising under the "saving to suitors clause" . . . .'" *Leonard v. Kern*, 651 F. Supp. 263, 264 (S.D. Fla. 1986) (quoting *Poirrier*, 648 F.2d at 1064)) (footnote omitted). It was Plaintiffs' prerogative where to file, and thus how to pursue, their *in personam* maritime claims (*e.g.,* whether to elect trial by jury).[7] *See Vincent v. Regions Bank*, No. 8:08-cv-1756-T-23EAJ, 2008 WL 5235114, at *1 (M.D. Fla. Dec. 15, 2008) (Under the 'saving to suitors' clause, a plaintiff 'with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail [himself] of federal admiralty jurisdiction or sue at law in state court.' [And t]he plaintiff's election to sue at common law in state court[, some courts have held,] 'forever prevents the federal district courts from obtaining ***admiralty*** jurisdiction.'" (quoting *J. Aron & Co. v. Chown*, 894 F. Supp. 697, 699 (S.D.N.Y. 1995)) (emphasis added)).

---

[7] Indisputably, as noted above, "a broad range of undefined common-law remedies[,]" including, but limited to, trial by jury, are what the clause saves. *Perio*, 2013 WL 5563711, at *13 (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) (rejecting "arguments to limit and enumerate the saved remedies under the saving to suitors clause . . . in view of the consistent recognition by Congress and this Court that both state and federal courts may be proper forums for adjudicating [maritime] claims")).

**C. Under settled case law prior to the most recent amendment of § 1441, *in personam* maritime claims, like Plaintiffs', were clearly not properly removed absent a separate basis for federal jurisdiction.**

Prior to the 2012 amendment to 28 U.S.C. §1441(b),[8] it was settled law even in the Fifth Circuit that removal of an *in personam* maritime action—such as Plaintiffs'—required a "separate basis for jurisdiction." *Freeman v. Phillips 66 Co.*, Civil Action Nos. 14–311, 14–624, 2014 WL 1379786, at *3 (E.D. La. Apr. 8, 2014); *compare id.* ("It is undisputed that prior to 2012, general maritime claims were not removable on the basis of admiralty jurisdiction and could be removed only if a separate basis for jurisdiction existed, such as diversity." (citing *In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991)))[9], *with*

---

[8] 29 U.S.C. §1441 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 105, Pub. L. No. 112-63, 125 Stat. 758 (the "FCJVCA"). Although signed into law in December 2011, the changes took effect on January 6, 2012.

[9] *Accord Leonard*, 651 F. Supp. at 264 (at least under the prior version of § 1441, "[i]n order to remove a case brought in state court under the [saving clause] some jurisdictional basis, other than admiralty or general federal question jurisdiction under 28 U.S.C. § 1331, [was required]" (citing *Romero*, 358 U.S. 354; *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961)) (footnote omitted)); *Armstrong*, 667 F.2d at 1388 ("[U]nder the reasoning of *Romero*, a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: the maritime nature simply does not provide a ground for federal jurisdiction."); *Vincent*, 2008 WL 5235114, at *1 ("[D]espite the broad language in § 1441(a), a defendant may not remove a case based upon general maritime or admiralty jurisdiction alone. To allow removal of [a saving to suitors clause case] would . . . defeat the purpose of the clause." (citations and internal quotation marks omitted; alteration in original)); *Barry v. Shell Oil Co.*, Civil Action No. 13–6133, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014) (prior to the 2011 amendments to § 1441, "[t]he Fifth Circuit has stated that maritime cases which are brought in state court 'are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship'" (quoting *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (citing *Romero*, 358 U.S. at 377-79; *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)))). *See also Poirrier*, 648 F.2d at 1065-66 ("This circuit has already recognized the removability, on diversity grounds, of maritime actions brought in state courts under the aegis of the "saving to suitors" clause[, which] . . . does no more than preserve the right of maritime suitors to pursue nonmaritime

*Butler v. RLB Contracting, Inc.*, Civil Action No. 3:14–CV–112, 2014 WL 1653078, at *1 (S.D. Tex. Apr. 24, 2014) ("Prior to . . . January 2012, the proposition that maritime claims were not removable was universally accepted. That certainty is gone; in its place is a hotly contested issue in maritime law." (citations omitted)).

### D. Parker's argument as to why Plaintiffs' claims now fall under this Court's removal jurisdiction turns on Fifth Circuit cases interpreting the former and amended versions of § 1441(b).

Parker's argument for the removability of this case is based primarily on *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013), and other recent decisions by district courts in the Fifth Circuit following "the course set by *Ryan*."[10]

---

remedies. It does not guarantee them a nonfederal forum, or limit the right of defendants to remove such actions to federal court **where there exists some basis for federal jurisdiction other than admiralty**." (citations omitted and emphasis added)).

Notably, one decision the former Fifth Circuit cited in support of its pronouncement in *Poirrier* is *J. J. Ryan & Sons, Inc. v. Continental Ins. Co.*, 369 F. Supp. 692 (D.S.C. 1974), in which "Plaintiffs chose to bring the suit as a civil action in the state court under the [saving clause,] Defendant effectively [sought] to negate plaintiffs' choice through the device of removal[,]" and the court rebuffed Defendant's attempt to "emasculate" the saving clause:

> The court finds that removal is improper and that the case should be remanded to the state court. To allow removal, pursuant to 28 U.S.C. § 1441(b), of a civil action in the state court to the admiralty side of the federal district court would effectively emasculate the 'saving to suitors' clause of 28 U.S.C. § 1333(1) which was enacted specifically to give the choice of forum to a plaintiff who has a claim that could be processed either in a state civil action or in a federal admiralty action.

369 F. Supp. at 695.

[10]  *See generally Garza v. Phillips 66 Co.*, Civil Action No. 13–742–SDD–SCR, 2014 WL 1330547 (M.D. La. Apr. 1, 2014); *Harrold v. Liberty Ins. Underwriters, Inc.*, Civil Action No. 13–762–JJB–SCR, 2014 WL 688984 (M.D. La. Feb. 20, 2014); *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, No. 13–477, 2013 WL 6092803 (M.D. La. Nov. 19, 2013); *Wells v. Abe's Boat Rentals Inc.*, No. 13–1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

9

*Freeman*, 2014 WL 1379786, at *4.

As to general maritime claims, *Ryan*'s analysis turns primarily on amended §1441(b)'s apparent abrogation of *In re Dutile*, 935 F.2d 61 (5th Cir. 1991), a case no court in this Circuit has ever cited, at least in a reported decision. In *In re Dutile*, the *in rem* claims at issue did

> constitute a "civil action . . . of which the district courts . . . have original jurisdiction" by virtue of § 1333(1). Section 1441(a), [substantively unchanged by the FCJVCA,[11]] however, is prefaced by the phrase, "Except as expressly provided by Act of Congress. . . ." One of these express provisions [was] found in § 1441(b). The first sentence of that subsection [then] provide[d] that removal of actions "founded on a claim or right arising under the Constitution, treaties or laws of the United States" may proceed without regard to the citizenship of the parties. Emphatically, claims in admiralty, whether designated *in rem* or *in personam*, do not fall within this category.

935 F.2d at 63-64 (citing *Romero*, 358 U.S. at 378 (It is "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction.")). The panel in *Dutile* thus concluded "admiralty and general maritime claims fall within the category of '[a]ny other [civil] action' governed by the second sentence of § 1441(b). As such, they are 'removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.'" *Id.* at 64.

This conclusion, that admiralty claims are only removable if "there is complete

---

[11] *See Perio*, 2013 WL 5563711, at *11 (After amendment "in December of 2011[, t]he operative language of subsection (a) as it pertains to the removability of claims within the original jurisdiction of the district courts is unchanged." (citation omitted)).

10

diversity of citizenship (predicated upon out-of-state defendants)[,]" as the panel noted, was "not new to [Fifth Circuit] jurisprudence[,]" and the cases the court in *Dutile* cited are indeed also binding on this Court. *Id.* (citing *Poirrier*, 648 F.2d at 1065 (in turn citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961) (discussing *Romero*))). *Poirrier* and *Gaitor*, on which *Poirrier* relied, however, merely recognized *Romero*'s holding that "saving to suitors" cases are removable only if diversity exists.[12] *See Gaitor*, 287 F.2d at 255 (*Romero* "made clear that except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts."). This binding precedent, thus, has nothing to do with the so-called "*Dutile* rule"—that pursuant to the prior version of § 1441(b), admiralty and general maritime claims fell into the category of "any other" civil action and, thus, were not removable by a forum defendant.

Some district courts in the Fifth Circuit have now abandoned the *Dutile* rule in

---

[12] *Dutile* itself affirmed this, moreover, in its conclusion. After acknowledging that its "construction of § 1441 creates somewhat of an anomaly—certain *in rem* admiralty claims, of which the federal district courts have exclusive jurisdiction, may not be removed from state court[,]" the court recognized the "anomaly" was the created

> from the most basic of federal jurisdictional rules: as regards the inferior federal courts, "two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, ***and an act of Congress must have supplied it***." As we construe the plain language of § 1441(b), **read in conjunction with *Romero***, Congress simply has not supplied the district courts with removal jurisdiction of admiralty claims absent diversity. We have no power to create such jurisdiction where Congress has not acted.

935 F.2d at 63 (quoting *The Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252 (1868)) (initial emphasis provided by *Dutile* and underlined emphasis added).

11

light of the most recent amendment to the removal statute. As explained by one recent Fifth Circuit district court opinion,

> [t]he Fifth Circuit's holding in *Dutile* was grounded in the text of 28 U.S.C. § 1441(b), as it read prior to the [FCJVCA]:
>
>> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> 28 U.S.C. § 1441(b) (2006). Because maritime claims are not "founded on a claim or right arising under the Constitution, treaties or laws of the United States," the *Dutile* court reasoned that such claims were subject to the in-state-defendant bar to removal found in section 1441(b), as it was worded at the time. Thus, admiralty and maritime claims could be removed to federal court "only by non-forum defendants and only where there [wa]s complete diversity of citizenship." *Dutile*, 935 F.2d at 63[.[13]] **After the FCJVCA amendments**, section 1441(b) now reads:
>
>> (b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> 28 U.S.C. § 1441(b)(2) (2013).
>
> The FCJVCA amendments removed the language from section 1441(b) upon which the *Dutile* opinion hinged. On this basis, the removing defendants argue that the amendment renders the *Dutile* rule obsolete.

*Freeman*, 2014 WL 1379786, at *4 (original footnotes omitted and emphasis added).

---

[13] *Contra Coronel*, 2014 WL 820270, at *3 ("Although, read strictly, the second sentence of the previous version of § 1441(b) imposes only the forum defendant rule, the Fifth Circuit extrapolated from this sentence that maritime claims could not be removed absent diversity jurisdiction under 28 U.S.C. § 1332." Nevertheless, "[o]ther courts[, including the Ninth, but not the Eleventh, Circuit,] followed suit." (citing *Dutile*, 935 F.2d at 63; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001))).

12

Parker urges the same result in this case.

> E. **Despite the amendment to § 1441(b), without a separate basis for federal jurisdiction, *in personam* maritime law claims remain excluded from this Court's removal jurisdiction.**

The amendment to § 1441(b)

> disposed of certain language from the former version . . . that the Fifth Circuit had historically relied on to limit the removal of maritime claims. The current version of the statute no longer makes a distinction between claims "arising under the Constitution, treaties or laws of the United States" and "other such action[s]." Instead, § 1441(b) now explicitly pertains only to removals based on diversity jurisdiction.

*Barry v. Shell Oil Co.*, Civil Action No. 13–6133, 2014 WL 775662, at *2 (E.D. La. Feb. 25, 2014); *see also Ryan*, 945 F. Supp. 2d at 777 ("[T]he old version of section 1441(b) was relied upon as the 'Act of Congress' that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and[, since] admiralty cases do not arise under the Constitution, treaties or laws of the United States, [ ] admiralty cases were considered 'any other such actions' under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought.").

The 2012 change to the removal statute has erased language the Fifth Circuit interpreted as the basis for denying removal of *in personam* maritime claims. However, § 1441 was not the basis for denying removal of *in personam* claims in the Eleventh Circuit, or for that matter in *Poirrier*. The exception of § 1441 removal (i.e., "except as otherwise expressly provided by Act of Congress") never came into play, and was never

13

discussed in *Poirrier* or subsequent Eleventh Circuit cases. This is because it was made clear that there is no jurisdiction in this court, based solely on §1333, of *in personam* claims seeking common law remedies. Thus, where the common law is competent to provide a remedy, as with *in personam* maritime claims filed in state court, a plaintiff may elect to pursue his common law remedies and the case cannot be removed based on §1333.[14]

Here, for example, Plaintiffs' state court complaint asserts four common law claims and requests the common law remedy of trial by jury. Had Plaintiffs filed the same claims in this Court, pursuant to the only basis available to them, admiralty jurisdiction pursuant to § 1333, the remedy of trial by jury would not be available. *See, e.g., Wilson v. Suzuki of Orange Park, Inc.*, No. 305CV469J32TEM, 2005 WL 3372839, at *4 (M.D. Fla. Dec. 12, 2005) ("[I]f heard on the Court's admiralty side, a trial by jury would not be available." (citing *In re Graham*, 747 F.2d 1383, 1387 (11th Cir. 1984)));

---

[14] There are advantages to pursuing a claim in admiralty as opposed to at law. "[B]ecause the Supreme Court has consistently distinguished between the concepts of rights and remedies[,]" "the same substantive maritime law applies regardless of whether a maritime cause of action is brought in admiralty or at law" *Coronel*, 2014 WL 820270, at *5 (citations omitted). **But** "[a]dmiralty law 'includes a host of special rights, duties, rules, and procedures,' some of which are unique to suits in admiralty and some of which are applicable to suits at law." *Id.* (quoting *Lewis*, 531 U.S. at 446). "When a claim falls within federal subject matter jurisdiction both on admiralty jurisdiction and on some other ground, a party must designate the claim as an admiralty claim[, pursuant to Rule 9(h),] in order for the different procedural rules to apply." *Id.* at *6 (citation omitted); *see also Southeastern Marine, LLC v. Motor Yacht OCEAN CLUB*, No. 3:09-cv-693-J-25TEM, 2010 WL 2540701, at *1 (M.D. Fla. June 21, 2010) ("By designating a claim under Rule 9(h), the plaintiff is afforded certain procedural rights such as vessel-arrest, garnishment, attachment, bond, and other equitable remedies, but forfeits the right for either party to demand a jury trial without separate statutory authority." (citing *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181 (11th Cir. 2009); *Miles v. M/V Hansa Caledonia*, 245 F. Supp. 2d 1261 (S.D. Ga. 2002))).

*Southeastern Marine, LLC v. Motor Yacht OCEAN CLUB*, No. 3:09-cv-693-J-25TEM, 2010 WL 2540701, at *1 (M.D. Fla. June 21, 2010) ("[A]s a general matter, there is no protected right to a jury trial in an admiralty dispute." (citing *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."); FED. R. CIV. P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h).")));  *Barry*, 2014 WL 775662, at *3 ("As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court."); *Coronel*, 2014 WL 820270, at *6 ("The Seventh Amendment does not extend to cases falling within the admiralty jurisdiction; therefore, in the absence of a statute providing otherwise, a district court whose subject matter jurisdiction is premised solely upon admiralty decides the case without a jury." (citing *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 17 (1963); FED. R. CIV. P. 38(e); *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054–55 (9th Cir. 1997))).[15]

---

[15] Parker argues that removal does "not foreclose" Plaintiffs' "right to a jury trial." (*See* Doc. 12 at 5-6.) But the sole case Parker cites in support, *Fitzgerald*, a "hybrid-case," in which Jones Act claims were also present, does not support a right to trial by jury where the **only** claims before the Court are *in personam* maritime claims commenced in state court as arising under the saving clause and now before the federal court in admiralty. As explained by Judge Edenfield, "*Fitzgerald*'s holding is [ ] properly limited to *in personam* admiralty claims combined with a Jones Act claim or a similar, jury-right granting, statutory claim." *Miles v. M/V Hansa Caledonia*, 245 F. Supp. 2d 1261, 1267 (S.D. Ga. 2002) (citing 374 U.S. at 21 (expressly noting that "Congress in the Jones Act has **declared** that the negligence part of the claim shall be tried to a jury. . . .") (emphasis supplied by *Miles*))); *see also id.* ("Jones Act claims[, also at issue in *Fitzgerald*, but not here,] pack specific remedies/protection that many other common and State-law claims do not. This underscores the exceptional treatment [that] *Fitzgerald* granted, and further distinguishes it from "plain vanilla" common law claims such as that raised here." (citation omitted)).

15

However, where a separate basis for federal jurisdiction—such as diversity—exists, a plaintiff who chooses to file his *in personam* maritime claims in state court does not lose his common law remedy of trial by jury upon removal. *See, e.g., Manrique v. Fagan*, No. 08-60501-CIV, 2009 WL 700999, at *2 (S.D. Fla. Mar. 16, 2009) (noting that removal pursuant to § 1332 (or § 1331) "will place the maritime case in the federal court's 'law side,' thus preserving a plaintiff's right to demand jury trials (secured by first filing the action in state court)" (citing *Lewis*, 531 U.S. 438)); *Barry*, 2014 WL 775662, at *3 ("When actions are removed pursuant to federal question jurisdiction and/or federal diversity jurisdiction, the maritime plaintiff retains the right to demand a jury trial in federal district court.").[16] And remand may not be appropriate.

In this case, remand is the only result that preserves Plaintiffs' common law remedy of trial by jury under existing law. And just as one district court in the Fifth Circuit, post amendment to § 1441(b), has recently held, a timely motion to remand a case commenced in state court pursuant to the saving clause should be granted ***to preserve the nonmaritime remedy*** of a jury trial. *See Barry*, 2014 WL 775662, at *3

---

[16] Even the court in *Ryan* at least implicitly recognized this aspect of savings clause removal:

> Traditionally, general maritime claims saved to suitors have not been removable. This was not, however, because the saving to suitors clause prohibited removal, as it "does no more than preserve the right of maritime suitors to pursue nonmaritime ***remedies***. It does not guarantee them a nonfederal ***forum***, or limit the right of defendants to remove such actions to federal court **where there exists some basis for federal jurisdiction other than admiralty**."

945 F. Supp. 2d at 774 (quoting *Tennessee Gas Pipeline*, 87 F.3d at 153 (citing *Poirrier*, 648 F.2d at 1066)) (initial emphasis in original; underlined emphasis added).

("[S]ince the removal of Plaintiff's claim solely on the basis of admiralty jurisdiction would deprive him of the right to pursue his nonmaritime remedy of a jury trial, the saving to suitors clause under these circumstances prohibits the removal of this action." (citations omitted)).

Thus, remand honors the balance struck in the original Congressional grant of admiralty and maritime jurisdiction to this Court. Were the Court to hold otherwise, by adopting Parker's argument that amended § 1441(b) removes all barriers to removal of *in personam* maritime claims lacking a separate basis for federal jurisdiction, not only would Plaintiffs be deprived of their forum of choice, but importantly, they would be deprived of their right to pursue nonmaritime remedies, a right the savings clause "protects." *See, e.g., Southeastern Marine*, 2010 WL 2540701, at *1 ("[T]he savings to suitors clause of 28 U.S.C. § 1333 **protects** 'the right of a common law remedy where the common law is competent to give it.'" (quoting *Lewis*, 531 U.S. at 443) (emphasis added)).

### III. Conclusion

For the reasons explained herein, the motion to remand (Doc. 8) is **GRANTED** and this case is **REMANDED** to the Circuit Court of Choctaw County, Alabama, from whence it came.

**DONE** and **ORDERED** this the 9th day of June 2014.

                     */s/ Kristi K. DuBose*
                     **KRISTI K. DuBOSE**
                     **UNITED STATES DISTRICT JUDGE**